UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAINELL BROWN,

                Plaintiff,                Civil Action No. 22-13064

v.

                                          David R. Grand

COMMISSIONER OF                United States Magistrate Judge[1]
SOCIAL SECURITY,

                Defendant.
_____/

**<u>OPINION AND ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 16)</u>**

**<u>Procedural History</u>**

    Plaintiff Dainell Brown ("Plaintiff") filed suit against the Commissioner of Social Security, challenging the Commissioner's unfavorable decision regarding her application for Social Security Disability Benefits. On April 26, 2023, the Court entered a stipulated order remanding the case to the Commissioner for further proceedings. (ECF No. 13). On May 12, 2023, the Court entered a stipulated order awarding attorney fees in the total amount of $6,000 in full satisfaction and settlement of any and all claims Plaintiff may have under the Equal Access to Justice Act ("EAJA"). (ECF No. 15).

    On remand, an Administrative Law Judge issued a favorable decision for the Plaintiff, finding her disabled, and awarding her substantial benefits, including past-due

---

[1] The parties have consented to the undersigned exercising jurisdiction over all proceedings in this civil action pursuant to 28 U.S.C. § 636(c). (ECF No. 10).

benefits of $48,790 for herself and $7,857 for her child. (ECF No. 16, PageID.831; ECF No. 16-2, PageID.841-43, 848). On November 10, 2024, the Social Security Administration issued a Notice informing Plaintiff that $1,964.25 was being withheld from auxiliary benefits related to the Plaintiff's minor child to pay legal fees, and on November 19, 2024, a second Notice of Award was issued indicating that an additional $12,197.50 was being withheld from Plaintiff's back benefits, resulting in a total amount of $14,161.75 (*i.e.*, 25% of the total past-due benefits awarded) withheld from back benefits to pay legal fees. (ECF No. 16-2, PageID.844, 848).

On December 13, 2024, Plaintiff filed the instant Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b), indicating that pursuant to the terms of that statute and the applicable fee agreement with her attorney, Bryan Konoski, he is entitled to attorney fees in the amount of 25% of Plaintiff's past-due benefits, for a total attorney fee of $14,161.75, reduced by $7,200, which encompasses all "previously awarded EAJA fees."[2] (ECF No.16). Thus, Konoski seeks a "net total fee" of $6,961.75. (*Id.*).

**Discussion**

42 U.S.C. § 406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition

---

[2] As noted above, the May 13, 2023 stipulation indicated that the amount of EAJA attorney fees to be awarded was $6,000. (ECF No. 15). However, the instant motion notes that the $7,200 "reduction is greater than the EAJA fee, resulting in an additional benefit to the [Plaintiff]." (ECF No. 16, PageID.831).

that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Attorney Konoski is requesting $14,161.75 in attorney fees (less the $7,200 reduction noted above), which represents 25% of the past-due benefits awarded to Plaintiff. Konoski has submitted a contingent fee agreement, signed by both him and his client, in which Plaintiff specifically acknowledges that an attorney who successfully represented her in court may be awarded a reasonable fee, not in excess of 25% of the past-due benefits awarded to her and her family. (ECF No. 16-2).

Contingent fee arrangements are allowed under the Social Security Act. In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Id*. (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which

counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, there is no suggestion that attorney Konoski behaved improperly or was ineffective. On the contrary, Konoski achieved a very successful result for Plaintiff. Nor does it appear that awarding the total fee requested herein would amount to a windfall. Konoski has submitted a full log of the activities he undertook on Plaintiff's behalf in connection with her claim, which showed a total of 28.3 hours spent on her case. (ECF No.16). Given that the amount requested from this Court is $14,161.75, the effective hourly rate for Konoski would be approximately $500.42. Awards using similar or higher rates than this have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, No. 08-cv-988, 2011 WL 5041366, at *3 (W.D. Mich. Sept. 26, 2011) (approving a contingency rate of $360 per hour for §406(b) fees).

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, Konoski advises that the Commissioner "neither supports nor opposes counsel's request for attorney's fees." (ECF No. 16-1, PageID839). The Commissioner did not file a response to the instant motion, and thus presumably does not contest that the requested fee is reasonable.

For all of the foregoing reasons, the Court finds Konoski's fee request to be reasonable.

**Conclusion**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) **(ECF No. 16)** is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's counsel, Bryan Konoski, is awarded an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the net amount of $6,961.75. **IT IS FURTHER ORDERED** that the Social Security Administration shall issue payment to Plaintiff's counsel, Bryan Konoski, in the amount of **$6,961.75**.

Dated: August 5, 2025  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2025.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager